# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3025

_____

Greta Arlene Hudson,                    *
                                        *
            Plaintiff,                  *
                                        *
H. Donald Hudson; David A. Hudson,      *      Appeal from the United States
Personal Representatives of the Estate  *      District Court for the
of Greta Arlene Hudson,                 *      Western District of Missouri.
                                        *
            Appellants,                 *
                                        *
      v.                                *
                                        *
Alyson F. Campbell; Ronald J. Levy,     *
                                        *
            Appellees.                  *

_____

Submitted: September 19, 2011
Filed: December 15, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The district court[1] dismissed Greta Arlene Hudson's § 1983 claim against the Directors of the Missouri Family Support Division and Department of Social Services

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

(the Division) based on the abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Hudson[2] appeals, contending that the district court should not have abstained from hearing her claim. Because under <u>Alleghany Corp. v. McCartney</u>, 896 F.2d 1138 (8th Cir. 1990), abstention is appropriate in administrative proceedings like Hudson's, we hold that the district court did not err in abstaining.

I.

The Division denied Hudson's application for Medicaid benefits on the grounds that she had transferred property in 2005-2006 valued at $340,000. Hudson requested and was granted a hearing to contest the denial of both her application for Medicaid health insurance and her application for Medical Assistance vendor benefits. The hearing initially was scheduled for November 4, 2009, but was continued to December 23, 2009, to allow the Division's eligibility specialist to obtain counsel. During the continuance, Hudson received a notice of case action indicating that the Division was relying upon a different reason for denying Hudson's application for Medicaid benefits. Because the hearing officer believed that he lacked subject matter jurisdiction to hear an appeal from the withdrawn reason for denial, Hudson was informed that she needed to file a second hearing request. Her original request for hearing was withdrawn at the Division's request.[3] Hudson did not file a second hearing request but instead filed this § 1983 action in the Western District of Missouri seeking declaratory and injunctive relief. It is from the district court's dismissal of this action that Hudson now appeals.

II.

---

[2]Greta Arlene Hudson passed away during this appeal, and her estate is now party to this action. We will refer to Hudson's estate as Hudson throughout this opinion.

[3]Whether Missouri law allows the State to withdraw from a hearing on its own motion is not before us on this appeal.

We review a district court's decision to abstain for abuse of discretion, with underlying legal determinations receiving plenary review. Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004) (citing Cedar Rapids Cellular Tel., L.P. v. Miller, 280 F.3d 874, 878 (8th Cir. 2002)).

The Younger abstention doctrine derives from notions of federalism and comity. Younger itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions. See Younger, 401 U.S. at 54. The Supreme Court later extended Younger abstention to state noncriminal judicial proceedings, including administrative proceedings, if the proceeding: (1) involves an ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Putting aside for the moment the question whether Hudson's underlying state proceeding is ongoing, we turn to Hudson's contention that Younger abstention is inapplicable when the administrative proceedings are remedial rather than coercive. Other circuits recognize a distinction between coercive and remedial actions and require exhaustion of state appellate remedies only in those that are coercive in nature. See, e.g., Brown v. Day, 555 F.3d 882, 889 (10th Cir. 2009); Moore v. City of Asheville, 396 F.3d 385, 388 (4th Cir. 2005); Majors v. Engelbrecht, 149 F.3d 709, 712 (7th Cir. 1998); O'Neill v. City of Philadelphia, 32 F.3d 785, 791 (3d Cir. 1994); Kercado-Melendez v. Aponte-Roque, 829 F.2d 255, 261 (1st Cir. 1987). The coercive-remedial distinction stems from Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986). In that case, the Court reconciled its decision that the district court should have abstained from hearing Dayton's § 1983 claim with its decision in Patsy v. Board of Regents of the State of Florida, 457 U.S. 496 (1982), which held that exhaustion of state administrative remedies is not a

prerequisite to a § 1983 action. In a footnote, the Court stated that "[u]nlike Patsy, the administrative proceedings here are coercive rather than remedial, began before any substantial advancement in the federal action took place, and involve an important state interest." Dayton Christian Sch., 477 U.S. at 627 n.2.

Determining whether a proceeding is coercive or remedial does not always lend itself to a clear-cut answer. For example, the divided Tenth Circuit panel in Brown v. Day disagreed whether the underlying Medicaid administrative proceeding involved in that case was coercive or remedial. The majority ruled that because the action had been initiated by the plaintiff to seek relief from the state's allegedly unlawful conduct in terminating her Medicaid benefits, the proceeding was remedial rather than coercive. Brown, 555 F.3d at 889. Dissenting, Judge Tymkovich characterized the underlying Medicaid administrative proceedings as coercive, because "the proceedings represented [the state's] efforts at enforcing state Medicaid law against Brown." Id. at 897 (Tymkovich, J., dissenting).

Although we have recognized the existence of the coercive-remedial distinction in other of our abstention cases, see Planned Parenthood of Greater Iowa, Inc. v. Atchison, 126 F.3d 1042, 1047 (8th Cir. 1997); Peery v. Brakke, 826 F.2d 740, 745-46 (8th Cir. 1987); Ronwin v. Dunham, 818 F.2d 675, 678 n.7 (1987), we have not considered the distinction to be outcome determinative. We noted in McCartney that the Supreme Court has held that Younger requires a district court to abstain from intervening in a state proceeding between two private parties. See Pennzoil Co. v. Texaco, 481 U.S. 1, 17 (1987). We observed that Pennzoil "broadens the applicability of Younger abstention beyond state enforcement proceedings[,]" McCartney, 896 F.2d at 1145, and we afforded Younger deference to the state administrative proceedings without classifying the proceeding as coercive or remedial.

Hudson's case is procedurally identical to McCartney, in which the state of Nebraska denied Alleghany's application for regulatory approval to buy stock in a Nebraska insurance company. 896 F.2d at 1140. Alleghany then brought a § 1983 action in federal district court seeking declaratory and injunctive relief. Id. Like the federal plaintiff in McCartney, Hudson is not in violation of any state statute. Hudson and Alleghany both initiated state administrative proceedings. When their requests were denied at the administrative level, both plaintiffs attempted to bring § 1983 actions in federal district court rather than pursuing state appellate remedies.

In McCartney, we required exhaustion of the state appellate remedies even in the absence of a pending state enforcement proceeding against the plaintiff, stating that "a party cannot avoid Younger by choosing not to pursue available state appellate remedies" McCartney, 896 F.2d at 1144 (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 608; Pennzoil, 481 U.S. at 16-17; Coley v. Clinton, 635 F.2d 1364, 1371 (8th Cir. 1980)), and finding to be without merit the argument that "Younger abstention applies only where there is a pending state enforcement proceeding." Id. at 1145. Missouri law provides for administrative, circuit court, and appellate review of Medicaid eligibility decisions, see Mo. Rev. Stat. §§ 208.080, 208.100, and 208.110, remedies that Hudson has not yet exhausted, and thus Hudson's underlying state proceeding is ongoing.

We turn to the question whether Missouri has an important state interest in administering its Medicaid program. See Middlesex, 457 U.S. at 432. Hudson argues that Missouri has no important state interest in administering its Medicaid program because Medicaid involves a pervasive federal regulatory scheme. True enough, but while Medicaid is regulated at the federal level, "[t]he Act 'confers broad discretion on the States to adopt standards for determining the extent of medical assistance, requiring only that such standards be 'reasonable' and 'consistent with the objectives' of the Act.'" Smith v. Rasmussen, 249 F.3d 755, 759 (8th Cir. 2001) (quoting Beal v. Doe, 432 U.S. 438, 444 (1977)). Moreover, Medicaid is financed in part by state

governments. <u>Children's Healthcare Is a Legal Duty, Inc. v. Min De Parle</u>, 212 F.3d 1084, 1088 (8th Cir. 2000) (citing 42 U.S.C. §§ 1396, 1396(a)). In 2010, Missouri budgeted $7.1 billion for its Medicaid program. Missouri Office of Administration, A New Day for Missouri: The Missouri Budget and Legislative Priorities, 18 (Jan. 27, 2009), *available at* http://www.oa.mo.gov/bp/bib2010. Further, it is the states that determine Medicaid applicants' eligibility. 42 U.S.C. § 1396a(a)(5). In light of these fiscal and administrative obligations, Missouri Medicaid has an important interest in administering benefits in a manner that ensures that those of its citizens who are in need of and who are eligible for those benefits receive them. <u>See also</u> <u>Trainor v. Hernandez</u>, 431 U.S. 434, 444 (1977) (recognizing the important state interest in "safeguarding the fiscal integrity of [the welfare] program").

Our final consideration is whether Hudson had an adequate opportunity at the state level to raise her constitutional questions. <u>See</u> <u>Middlesex</u>, 457 U.S. at 432. "[I]t is sufficient under <u>Middlesex</u> that constitutional claims may be raised in state-court judicial review of the administrative proceeding." <u>Dayton Christian Sch.</u>, 477 U.S. at 629 (internal citation omitted). As set forth above, Missouri law provides for administrative, circuit court, and appellate review of Medicaid eligibility decisions, an appellate process that would allow Hudson to raise her due process claims in the Missouri courts.

### III.

Because all three elements for <u>Younger</u> abstention are satisfied, we affirm the district court's decision to abstain from exercising jurisdiction over Hudson's claims.

_____